IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SERGIO LEVARIO-GARCIA,          )
                                )
        Petitioner,              )
                                )
    v.                          )   No. 16 C 11364
                                )
WILLIAM PRIM, et al.,            )
                                )
        Respondents.             )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Sergio Levario-Garcia's (Levario-Garcia) petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. §2241. For the reasons stated below, the Petition is denied.

## BACKGROUND

Levario-Garcia alleges that he entered the United States as a child in 1992. In September 2005, Levario-Garcia was arrested for burglary. He pled guilty in February 2007 and was sentenced to thirty days in jail and two years probation and was ordered to pay restitution. In April 2007, Levario-Garcia was arrested for possession of not more than 2.5 grams of cannabis. He pled guilty and was sentenced to thirty days in jail. On or about July 1, 2008, Levario-Garcia was

1

arrested for possession of cannabis between ten and thirty grams. He pled guilty and was sentenced to pay a fine. In November 2015, Levario-Garcia was arrested for driving with a revoked license.

In May 2010, the Department of Homeland Security (DHS) served Levario-Garcia with a Notice to Appear, charging him with removability under 8 U.S.C. §1182(a)(6)(A)(I) for arriving in the United States without being admitted or paroled. On June 8, 2011 Levario-Garcia appeared before an immigration judge and admitted to the allegations and conceded removability. Levario-Garcia requested a continuance which was granted until September 21, 2011. Levario-Garcia failed to appear at the scheduled hearing on September 21, 2011 and he was ordered removed *in absentia*. In December 2015, Levario-Garcia filed a motion to rescind and reopen his removal order. The immigration judge denied the motion on April 6, 2016. Levario-Garcia appealed to the Board of Immigration Appeals (BIA) and on July 27, 2016 the BIA affirmed the denial of his motion.

On January 11, 2016, Levario-Garcia was transferred into DHS custody from state custody. Levario-Garcia filed a petition for review in the U.S. Court of Appeals for the Seventh Circuit on August 25, 2016. On September 22, 2016, Levario-Garcia filed an emergency stay of removal. On October 11, 2016, the Seventh Circuit granted his stay pending resolution of his petition. DHS provided Levario-Garcia with a Post Order Custody Review on October 28, 2016, which specified that Levario-Garcia would remain in custody pending his petition for review. On

December 14, 2016, Respondent filed a motion to remand with the Seventh Circuit. DHS provided Levario-Garcia with another Post Order Custody Review on January 17, 2017, which again specified that Levario-Garcia would remain in custody. On January 18, 2017, the Seventh Circuit granted the motion to remand. At this time, Levario-Garcia's immigration case is pending before the BIA and he remains in DHS custody. On February 14, 2017, DHS asked the BIA to expedite its review of Levario-Garcia's case.

## DISCUSSION

### I. Improper Respondent

Respondent argues Petitioner names improper respondents in the instant action. Petitioner names the Attorney General of the United States, the Secretary of Homeland Security, the Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement (ICE), and William Prim, County Sheriff, as parties. Respondent argues that only William Prim, County Sheriff, is a proper party to this action and as such the other Respondents must be dismissed. Pursuant to federal habeas statute, the proper respondent to a habeas petition is the person who has custody over the Petitioner. 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). The Seventh Circuit has made clear that in the immigration context, the warden where the alien is detained pending removal is the proper custodian for habeas purposes, and not other federal actors. *Kholyavskiy v. Achim*, 443 F.3d 946,

953-54 (7th Cir. 2006). Therefore, the proper respondent in the instant habeas action is William Prim, County Sheriff, who currently has physical custody over Levario-Garcia. All other named respondents are dismissed as improper. To the extent that Levario-Garcia seeks to bring constitutional due process violation claims against individuals other than the custodian, the court will address those arguments below.

II. Improper Detention Claims

Respondent argues that Levario-Garcia has failed to show that his detention under 8 U.S.C. §1231 is improper and that his removal is not reasonably foreseeable. Detention of aliens subject to an administratively final removal order is authorized under 8 U.S.C. §1231. Under 8 U.S.C. §1231(a)(1)(A), the Secretary of Homeland Security "shall remove the alien from the United States within a period of 90 days." During this ninety-day period, ICE must detain the alien. 8 U.S.C. § 1231(a)(2). Once the ninety-day period has ended, 8 U.S.C. §1231(a)(3) and(6) authorize DHS to continue an alien's detention or to release him under supervision. 8 U.S.C. §1231(a)(3);(a)(6). The Supreme Court has interpreted 8 U.S.C. § 1231(a)(6) to limit post-removal detention to a period "reasonably necessary to bring about the alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689. The Court held that post-removal detention for six months is "presumptively reasonable." *Id.* at 701. Beyond six months, if removal is no longer reasonably foreseeable, the statute does not authorize continued detention. *Id.* at 699. Thus, if

an alien provides in a habeas petition good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. *Id.* at 701.

### A. Administratively Final Removal Order

Respondent argues that Levario-Garcia is subject to an administratively final removal order and as such, his detention arises under 8 U.S.C. §1231. A removal order becomes administratively final in two instances. 8 U.S.C. § 1101(47)(B)(i-ii). A removal order becomes administratively final upon the date in which the BIA affirms the immigration judge's order on appeal. 8 U.S.C. § 1101(47)(B)(i). A removal order may also become administratively final after the expiration of the period of time in which an alien can appeal the immigration judge's order to the BIA. 8 U.S.C. § 1101 (47)(B)(ii). In this case, the record reflects the immigration judge ordered Levario-Garcia removed *in abstentia* on September 21, 2011. Levario-Garcia never appealed that order, but instead filed an untimely motion to rescind and reopen that order over 4 years later on December 21, 2015. Levario-Garcia never timely appealed the immigration judge's removal order to the BIA, and as such, that order became administratively final on October 21, 2011. Levario-Garcia's subsequent motion to reopen the immigration judge's removal order has no impact on the date his removal order became administratively final under 8 U.S.C. § 1101 (47)(B)(ii), nor does the fact that post final order proceedings are pending

before the BIA. Therefore, Levario-Garcia is subject to an administratively final removal order and his detention arises under 8 U.S.C. §1231.

### B. Six Month Detention Was Proper Under 8 U.S.C. §1231

Respondent argues that Levario-Garcia's detention was proper under 8 U.S.C. §1231. As explained above, ICE must detain an alien for ninety-days during the removal period. Levario-Garcia's removal period began on January 11, 2016, the date he was transferred into DHS custody from state custody. This period was mandatory and therefore, Levario-Garcia cannot claim that this initial ninety-day detention period from January 11, 2016 to April 10, 2016 is unreasonable or in violation of any statute. Once this ninety-day period ends, DHS is authorized to continue an alien's detention or to release him under supervision. As explained above, post-removal detention for six months is "presumptively reasonable." *Zadvyas* 533 U.S. at 701. This six month period of reasonable detention includes the initial ninety days of mandatory detention. Therefore, Levario-Garcia's detention from January 11, 2016 to July 9, 2016 was reasonable and as such does not violate any law.

### C. Forseeability of Removal

Levario-Garcia argues that his continued detention after July 9, 2016 is not authorized by statute because his removal to Mexico is not reasonably foreseeable.

6

Levario-Garcia claims that his removal is not reasonably foreseeable due to the pendency of his petition for review before the Seventh Circuit Court of Appeals and the Stay of Removal that is in place during such proceedings. The statute does not authorize detention beyond six months if removal is no longer reasonably foreseeable. *Id.* at 699. But this does not mean that every alien not subject to removal must be released after six months. *Id.* at 701. Rather, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Thus, if an alien provides in a habeas petition good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. *Id.* Levario-Garcia's allegations are insufficient to meet his burden of showing that removal is unlikely to occur in the foreseeable future. However, if the BIA decides to vacate the immigration judge's order, then the detention issue may be in a different posture. Levario-Garcia has failed to demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future, and therefore, based on the above analysis, Levario-Garcia's detention is proper under 8 U.S.C. §1231.

IV. Procedural Due Process Claims

In the instant action, Levario-Garcia also raises constitutional due process violations. Levario-Garcia argues that his continued detention violates his procedural

due process rights. Specifically, Levario-Garcia contends that ICE's post order custody review process violates his due process rights because he is not afforded a custody review by a neutral arbiter. Respondent argues that this claim is without merit. The record reflects that ICE examined Levario-Garcia's continued detention per agency regulations on two separate occasions and each time found that his continued detention was permissible. Simply asserting that a third party should be the decision maker in a post custody review is not sufficient to show a due process violation, and as such, the court finds Levario-Garcia's due process claim to be without merit.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 29, 2017